### STATE v. GODFREY.

1. CHARGE.—Illustrations used by Judge in pointing out distinction between positive and circumstantial evidence not referring to facts in issue, nor stated in such way as to intimate his opinion on the facts in the case, are not a charge on the facts.

2. NEW TRIAL.—There being testimony to support a verdict, this Court will not reverse an order on Circuit refusing new trial.

Before                , J., Hampton, February, 1901.    Affirmed!.

Indictment against Jeff Godfrey for shooting into a train. From sentence on verdict of guilty, defendant appeals.

*Mr. Pringle Youmans* presents case for *Mr. Julius P. Youmans,* for appellant.

*Assistant Attorney General U. X. Gunter,* contra.

June 4, 1901.   The opinion of the Court was delivered by MR. JUSTICE GARY. The appellant was indicted, convicted and sentenced for shooting into a railroad train. He appealed upon exceptions, the first of which assigns error as follows: "I. That his Honor, the Circuit Judge, presiding at the trial, invaded the province of the jury, in violation of sec. 26, of art. V., of the Constitution of this State, by charging in respect to matters of fact in the following particulars: (1) In using two illustrations

of circumstantial evidence, to wit: the instance of tracks being found in the snow, and that of a man finding shot holes in a tree, and in such illustrations giving the jury advice as to how circumstantial evidence and certain circumstances named should be reasoned upon, and what might, force and effect the jury might allow the same to have with them. (2) In stating what might be concluded from imprints appearing to be tracks in snow in the following language: 'Well, it is as certain as certain can be, that it was a man, because who can make the tracks of a man, but a man?' (3) In saying to the jury, 'a man goes into the woods, he looks in the bark of a tree and sees several shots * * * he never heard the gun fire * * * yet there is the shot * * * now isn't it certain that somebody at some time fired the shots that went into the tree?' thus probably making it appear to the jury that he was referring to or had in mind the testimony of a witness in this case, who testified that there was a print or indentation in the top of the car which appeared to have been made by a shot, and that his conclusion was that a shot had been fired into the train, and which was in effect not only a consideration and a weighing of the facts in this case, but an announcement of a conclusion of fact." The words quoted from the charge of his Honor, the presiding Judge, were a part of the language used by him, by way of illustration, in pointing out the distinction between positive and circumstantial evidence. He did not refer to the facts in this case, nor were his illustrations such as to show his opinion upon the facts of the case then being tried. It was not a charge "in respect to matters of fact," and this exception is overruled.

The second exception is as follows: "II. That his Honor, the Circuit Judge, erred in refusing to grant a new trial, on the ground that there was no testimony upon which to convict the defendant for the alleged crime." This exception was not argued by the appellant's attorney. It, however, cannot be sustained, as there was testimony to support the verdict.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.