6741

## STATE v. NELSON.

1. EVIDENCE—ISSUES—NUISANCE.—The circumstantial evidence in this case is sufficient to warrant the jury in drawing the conclusion that the defendant was maintaining a nuisance by keeping a place where liquor was sold and drank.

2. CHARGE.—Illustrations in a charge showing how conclusions may be deduced from facts and circumstances, the Court making no reference to any disputed or issuable fact except in a hypothetical way, is not a charge on the facts.

Before GARY, J., Abbeville, September, 1907. Affirmed.

Indictment against Frank Nelson and Eliza Nelson. From sentence on verdict of guilty as to Frank Nelson, he appeals.

*Mr. Wm. N. Graydon,* for appellant, cites: *As to charge on facts: State* v. *Cannon,* 49 S. C.; 56 S. C., 530.

*Solicitor R. A. Cooper,* contra.

February 13, 1908. The opinion of the Court was delivered by

7—79

MR. JUSTICE JONES. The appellant was convicted and sentenced for maintaining a nuisance in violation of the Dispensary Law, in keeping and maintaining a place where alcoholic liquors were sold, bartered and given away, and keeping and maintaining a place where persons were permitted to resort for the purpose of drinking alcoholic liquors as a beverage. The exceptions as argued by appellant's counsel present two questions:

1. Whether the Court erred in refusing to direct a verdict in favor of the defendant for want of any evidence to convict.

The State relied largely on circumstantial evidence to convict, such as the frequent congregation of negroes at the house of defendant, especially on Saturday nights, and the intoxicated condition of many while in and about the premises; the presence of very many broken whiskey bottles and jugs about the house and yard and of a large number of empty jugs, smelling of whiskey; that eight or ten jugs were taken from under the house containing a little whiskey in them; that on April 6th, the officers, on visiting the house, found on a table a two-gallon jug containing about a drink of whiskey and also a drinking glass, a measuring cup and funnel; that on this occasion the defendant and his wife were found drunk and fighting, and a number of negroes fled from the house on the approach of the officers. While no eye-witness testified to any sale of liquors on the premises, there was evidence that parties went there to purchase whiskey and returned from there with whiskey; that on one occasion a package of whiskey was taken there from the express office and afterward a party whose name did not appear on the tag came and claimed it, but left it there. While no one testified to seeing any drinking of whiskey in the house, there was testimony that a number of negroes were seen drinking about the premises. It can not be said there was no testimony to submit to the jury.

2. Whether the Court charged the jury in respect to

matters of fact, in violation of Article V, Section 26, of the Constitution.

The Court charged the jury in part as follows: "The State contends that Frank Nelson is keeping a place, maintaining a nuisance, where people congregate and drink whiskey,—a public nuisance in that way. He denies that fact. He contends that he kept simply a boarding-house. He is not guilty of violating this law if he is simply keeping a boarding-house. That is the issue that they made, and you must pass on that issue. And you bring your judgment into play, and you reason from the facts and circumstances. To illustrate: If you are riding through your farm or driving through your farm and you come across a little nest with broken shells in it, and you go a few steps farther and find a covey of young birds, what is your conclusion? That those birds were hatched in that nest. You did not see them,—would not know it,—did not see it; but you would reason it out. The same way you would reason whether Frank is maintaining a nuisance or not, and you reason it out from the facts surrounding his habitation. For instance, if you think he had jugs for sale, he would not be guilty, under this statute, of selling jugs. But if he had the jugs with liquor in them, if they smelled like liquor, tasted like liquor, you can draw the conclusion or inference whether he kept it there for his own use or whether he kept it there for the purpose of his guests, people who frequented the place for the purpose of drinking. You bring your reason to play, your judgment. What is your judgment? The law does not want to punish Frank unless he is guilty. * * * You just consider whether he kept a place where people were in the habit of frequenting for the purpose of drinking. That is a nuisance, so declared by the law-making powers of the State. If that is the sort of place he kept, it ought to be stopped. It is not good for the community to keep a place of that sort. And you gather whether he kept that sort of a place by what you see around there; what you hear people say was around there. What

are the signs? A surveyor goes out to survey a tract of land. He finds a corner. He does not know where the corner is, but he takes the pointers. He finds a tree with three marks, or two marks, that point to another tree, and he finally finds a tree with three marks, and he sticks a peg there; I have found the corner. All these trees, they are simply witnesses that point to it. If there are witnesses in this case that point to the fact that Frank Nelson is keeping a nuisance there,—if that is the way the evidence tends to show,—if it points so directly so as to satisfy you of the fact, you act on it, just like a surveyor would in acting on a corner. You read your deed and see that it calls for a corner at such and such a place, a tree, and if you find the surveyor's mark on it, and the marks that point to it, that is the corner. You can go in court and swear that is the corner,—it has the marks, the witnesses on it,—has the evidence on it. So you decide whether Frank's boarding-house was a lawful boarding-house, or whether it was, as the State claims, a place where people congregated for the purpose of drinking liquor. If so, stop it. If not, give him the benefit of the doubt, if you have a doubt, and find him not guilty. The State does not want to punish him unless he is guilty. If he is guilty, it does want him punished."

The main objection to the charge relates to the illustrations with respect to deducing a conclusion from facts and circumstances. Illustrations of one subject by another are generally faulty in some particular, if subjected to minute examination; but the effect of the charge, fairly considered, was simply that, if the circumstances pointed to the guilt of the defendant beyond a reasonable doubt, they should convict, otherwise they should acquit. The Court made no reference to any disputed or issuable fact except in a hypothetical way; did not, in our judgment, indicate to the jury his opinion as to the force and effect of the testimony, and there is no reasonable ground for supposing that the jury may have been influenced by the charge in a manner preju-

dicial to the appellant.    *Turner* v. *Lyles,* 68 S. C., 392, 48 S. E., 301; *State* v. *Langford,* 74 S. C., 462.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.