15946

STATE v. BURNETT *ET AL.*
(42 S. E. (2d) 710)

*Messrs. Thomas W. Whiteside* and *J. C. Mooneyham,* of Spartanburg, for Appellants, cite:

*Messrs. Sam R. Watt,* Solicitor 7th Circuit, *Samuel N. Burts,* and *C. Yates Brown,* all of Spartanburg, for Respondent, cite:

May 13, 1947.

TAYLOR, AJ.: The appellants, Thomas Burnett, Leon Burnett and Sammie Burnett, were tried for assault and battery with intent to kill at the June, 1946, term of Court of General Sessions for Spartanburg County; the alleged assault having occurred at approximately eight o'clock in the evening of April 6, 1946, at a filling station, in the City of Spartanburg, operated by the prosecuting witness, Roy Lockman. The jury returned a verdict of guilty as to Leon Burnett, and guilty of assault and battery of a high and aggravated nature as to Thomas Burnett and Sammie Burnett. Leon Burnett was sentenced to serve four years in prison, and Thomas and Sammie Burnett to two years each, from which all three appeal to this Court upon the following exceptions:

1. That His Honor, the Presiding Judge, was in error in charging the jury that "The law of self-defense is based upon the necessity to strike in order to save one's self from serious bodily harm, or losing his own life," the error be-

ing that the charge made actual necessity the test and excluded the defendants' right to rely on apparent necessity.

2. That His Honor, the Presiding Judge, was in error in charging the jury "A person cannot take advantage of his own wrong, if he brings on the encounter; brings it out by any other offense; brings on the attack, he cannot take advantage of bringing the encounter upon himself by his own fault," the error being that the charge embraced any difficulty however previous rather than the immediate encounter and conveyed the impression that the defendant, if he had at any time previously been at fault in bringing on a difficulty with the prosecuting witness, could not avail himself of the plea of self-defense.

3. That His Honor, the Presiding Judge, was in error in charging the jury "I instruct you if a person on his own premises is assaulted by an aggressor, he has the right to use such force as may be reasonably necessary to expel such person; to use such force as may be reasonably necessary to protect himself and to expel the alleged intruder. A person on his own premises has the right without any reason whatever, has the right to request or order any person to vacate his premises, and such person if so ordered or re-quested to leave, it is his duty to leave reasonably promptly; and, if he does not, the owner or the person in possession lawfully, has the right to use such force as may be reasonably necessary to put him off, and such person is not deemed to have brought about the physical encounter by so doing," the error being that there was absolutely no evidence that the defendants were on their own premises and the charge was highly prejudicial to the defendants' plea of self-defense in that it indicated that the prosecuting witness had the right to assault the defendants on his own premises, there being no evidence whatever that he had asked or ordered them to leave his premises on the occasion of the assault alleged.

It is unncessary to quote the entire charge, but a pertinent portion reads as follows:

"The law of self-defense is based upon the necessity to strike in order to save one's self from serious bodily harm, or losing his own life. Self-defense is a good defense. It is to be used as a shield to protect; it is not a sword with which to punish.

"In order to successfully plead self-defense, one must prove by the preponderance of the testimony that he himself was without fault in bringing on the alleged immediate encounter charged in the indictment. He must go further after he proves that, and show or prove there was no other probably safe means of escape but to strike. If there is any other probably safe means of escape, he must adopt it rather than to strike. He must go further and prove by the preponderance of the evidence that any other man of ordinary courage and prudence would have been justified in believing that there existed, *or apparently existed,* the necessity, then and there to strike, in order to save himself from serious bodily harm, or losing his own life." (Emphasis added.)

It is therefore clear that actual necessity was not made the test, but rather that any one of ordinary courage and prudence would have been justified in believing that there existed or apparently existed the necessity then and there to strike. This exception must be over-. ruled as being without merit. *State v. Hardin,* 114 S. C. 280, 103 S. E. 557, 558.

As to the second exception, we have only to refer to the above quoted portion of the charge to find the following:

"In order to successfully plead self-defense, one must prove by the preponderance of the testimony that he himself was without fault in bringing on the alleged immediate encounter charged in the indictment."

Therefore, this exception must be overruled.

The third exception must also be overruled as being without merit in that the difficulty arose between the appellants and one Lockman at Lockman's place of

business, and on property which was under his control at the time. The defendants plead self-defense which included, among others, the plea that they were without fault in bringing on the difficulty which might conceivably be determined under the circumstances by the rights·of the parties involved. This Court is unable to see wherein the appellants' rights were prejudiced by the Trial Judge charging the law fully as to the. rights of the contesting parties under the circumstances.

This Court has repeatedly held that a charge must ■ be taken as a whole, and when so done we find it to be reasonably clear and unambiguous, at the conclusion of which the learned Trial Judge asked, "Any of you gentlemen want to call my attention to anything else?" Whereupon counsel for the defendants made no request other than that the jury be charged as to simple assault.

Therefore, it is the opinion of this Court that the judgment of the lower Court should be affirmed, and it is so ordered.

Judgment affirmed.

BAKER, CJ., and FISHBURNE, STUKES and OXNER, JJ., concur.