16248

STATE v. HIGGINS

(54 S. E. (2d) 553)

*Messrs. Samuel N. Burts and Arthur D. Rich,* of Spartanburg, *and Harold R. Swink,* of Gaffney, *for Appellant,*

*Samuel R. Watt, Solicitor,* of Spartanburg, *for Respondent.*

August 5, 1949.

FISHBURNE, Justice.

The appellant, Higgins, was tried and convicted upon an indictment charging an unlawful sale of whiskey, which took place in Cherokee County on April 24, 1948. He was duly sentenced, and by this appeal raises two questions.

It is first contended that the evidence, being entirely circumstantial, was insufficient to prove the guilt of the appellant. Error is assigned because the trial judge refused to grant the motion for a directed verdict of not guilty which was made at the close of the evidence introduced by the State. The appellant offered no testimony.

The record shows that the sheriff of Cherokee County and his deputies had reason to believe that whiskey was being sold unlawfully in and around the city of Gaffney. At their request, State Constable Beckman, who was unknown in Cherokee, was temporarily assigned there to assist in the investigation of the suspected illegal activities of appellant, Higgins, and others, with reference to the sale of liquor Acting upon information given him by the other officers, and in accordance with a preconcerted plan, Beckman drove to the home of appellant about 9:30 o'clock on the night of April 24th, in a truck borrowed from a traveling carnival show which was exhibiting in Gaffney. This method of approach was adopted in order to further disguise his official character and allay suspicion.

He stopped the truck in front of the house, walked through the yard and upon the porch, where he knocked at the door. Higgins came to the door, and Beckman asked to see "Mr. Higgins." The two were strangers to each other. Higgins and Beckman then walked from the porch into the yard, where Beckman told him he wished to buy some whiskey. Higgins made no direct reply, but commenced a general conversation, in the course of which, upon inquiry by Higgins, Beckman gave him his name and told him that he was a member of the carnival troupe. In about two minutes another man, Ray Parris, came out of the Higgins house into the yard and joined them. Beckman then again told appellant that he wished to buy some whiskey, and Higgins asked him how much he wanted. Beckman told him three pints, whereupon appellant directed Parris to get it for him. Parris immediately returned to the house a few steps away, and in a very short time came back with three pints of whiskey, and informed Beckman that the price was $14.00. Beckman thereupon paid him the money and received the liquor.

By pre-arrangement, another state constable and two deputy sheriffs of Cherokee County had hidden themselves

in the immediate vicinity of appellant's home (one of them only fifty feet away), and witnessed the entire transaction. As soon as the sale was completed, and as Beckman started to return to the truck, they seized and took the whiskey away from him, and placed appellant and Parris under arrest. Two of the officers then went into the house and entered the front room from which Parris had emerged with the liquor. In their search they found and took possession of one hundred and seventy-six bottles of whiskey of various well known brands. The room in which the liquor was found was described by the officers as being arranged like a regular liquor store, with built-in cabinets and shelves where the whiskey was stacked.

Appellant made no objection when the officers entered his house to search and seize, nor did he make any statement except that he wished to obtain bond. The arrest was made immediately upon the completion of the sale of the liquor, and no witness appears actually to have seen Parris give Higgins the $14.00.

Appellant contends that there is no direct evidence tending to show that he participated in the unlawful sale of the three pints of whiskey to Beckman; that it was Parris who went into the house and got the whiskey, made the sale, and received in payment the sum of $14.00. It is argued that all of the evidence introduced by the state was circumstantial, which at most created only a mere suspicion that Parris entered appellant's home as the latter's agent and obtained the liquor for Beckman. It is said that there is a total lack of evidence establishing agency or in any way connecting appellant with the illegal sale.

In this case, not only were the circumstances proven without dispute, detailing every step taken in the unlawful sale, but they point conclusively, as found by the jury, to the guilt of the accused, and were inconsistent with any reasonable hypothesis other than his guilt. It is inconceivable under the evidence in this case, and the legiti-

mate inferences deducible therefrom, that the jury could have reached any other verdict. The only rational inference to be drawn is that the liquor found in the Higgins home belonged to Higgins, and that Parris was his agent. The proof in this case meets all the requirements of the law as to circumstantial evidence. *State v. Epes,* 209 S. C. 246, 39 S. E. (2d) 769; *State v. Dornberg,* 192 S. C. 513, 7 S. E. (2d) 467; *State v. Kimbrell,* 191 S. C. 238, 4 S. E. (2d) 121. It follows from what we have said, that the trial judge committed no error in submitting the case to the jury.

Error is assigned because of one illustration given by the trial judge in his instructions to the jury, dealing with the law of principal and agent. The challenged instruction is as follows:

"If A goes into a store and meets the proprietor at the door; and the proprietor of the store says to him: 'What will you have today?' and A says, 'I want a suit of clothes.' The proprietor calls B, and says: 'Show him a suit of clothes, and if he likes it, sell it to him.' If A likes the suit of clothes and buys it, pays B for it, B is the agent of the proprietor of the store, and the act of one is the act of the other. The proprietor or owner of the store may never see the money, never hear it clink in the cash-drawer, if in the due course of business it passes into his trade-cash and he is benefited thereby, he has participated as much as if he had himself put the money in the cash-drawer or in his pocket, himself. One or a dozen clerks may have participated in it. \* \* \*"

It is argued that the foregoing instructions constituted a charge on the facts, in violation of Article V, Section 26 of the Constitution. Appellant contends that the illustration given in the foregoing portion of the judge's charge too closely parallels the facts offered in evidence, in consequence of which the jury would have been inclined to think the trial judge meant that Parris was acting for Higgins; that the act of Parris was the act of Higgins, and that Higgins had

participated in the unlawful sale in an equal degree with Parris.

In determining the correctness of instructions, they should be considered as a whole; and if, as a whole, they are free from error, and assignment predicated on isolated paragraphs or excerpts which, standing alone, might be misleading, must fail. *State v. Burnett,* 210 S. C. 348, 42 S. E. (2d) 710; *State v. Bagwell,* 201 S. C. 387, 23 S. E. (2d) 244.

Immediately following the above-quoted portion of the instructions, with which the appellant finds fault, the circuit judge continued:

"If it is done under his instructions, each one of them has participated in the act. If it were unlawful, each one of them would be guilty of violating the law. One or more persons being involved or engaged in an unlawful enterprise, such as making an unlawful sale of liquor, if two or more of them unite their efforts and participate in such sale, one would be as guilty as the other."

In our opinion, the foregoing instruction, taken as a whole, with reference to the law of principal and agent, contains no reversible error.

The trial judge may use assumed facts not connected with the case and not proved, to illustrate a principle or rule of law, if the instruction is so framed as not to assume that these facts have been proved.

It was held in *State v. Nelson,* 79 S. C. 97, 60 S. E. 307, 308, that a charge, on a trial for maintaining a nuisance in violation of the dispensary law, authorizing the jury to determine defendant's guilt by reasoning from the facts and circumstances, and giving illustrations with respect to deducing a conclusion from facts and circumstances, but making no reference to any disputed fact, except in a hypothetical way, was not in violation of Art. V, Sec. 26, forbidding a charge on the facts.

In *State v. Nelson, supra,* one of the illustrations given by the trial judge showing how conclusions may be deduced from the facts and circumstances was this: ·

" * * * For instance, if you think he had jugs for sale, he would not be guilty, under this statute, for selling jugs. But if he had the jugs with liquor in them, if they smelled like liquor, tasted like liquor, you can draw the conclusion or inference whether he kept it there for his own use or whether he kept it there for the purpose of his guests, people who frequented the place for the purpose of drinking. You bring your reason to play, your judgment. What is your judgment? The law does not want to punish Frank unless he is guilty * * * You must consider whether he kept a place where people were in the habit of frequenting for the purpose of drinking."

As pointed out by the Court in the foregoing case, illustrations of one subject by another are generally faulty in some particular if subjected to minute examination; but the effect of the charge, fairly construed, was simply that, if the circumstances pointed to the guilt of the defendant beyond a reasonable doubt, the jury should convict, otherwise they should acquit. See *State v. Jones,* 86 S. C. 17, 67 S. E. 160; *State v. Godfrey,* 60 S. C. 498, 39 S. E. 1.

In the case before us, the trial judge made no reference to any disputed or issuable fact except in a hypothetical way; and the charge in our opinion is not fairly subject to the criticism that the instruction given indicated his opinion to the jury as to the force and effect of the testimony. Nor is there any reasonable ground for supposing that the jury may have been influenced by the instructions in a manner prejudicial to the appellant.

Just prior to giving the instructions under attack, the trial judge had fully charged the law that if the unlawful sale of an article is accomplished or effected by two or more persons acting together, with the same intent and purpose to bring about the common result of effecting a sale, then the

act of one is the act of the other, and each participant under such circumstances would be guilty of making the sale. The illustration with which he followed this instruction, in our opinion, did not violate the constitutional provision with reference to charging on the facts.

Judgment affirmed.

BAKER, C. J., and STUKES and OXNER, JJ., concur.

TAYLOR, J., dissents.

TAYLOR, Justice (dissenting).

I regret very much that I am unable to agree with the majority opinion in this case. The second exception alleges error on the part of the Judge when he charged the jury as follows:

"If A goes into a store and meets the proprietor at the door; and the proprietor of the store says to him: 'Show him a suit of clothes, and if he likes it, sell it to him.' If A likes the suit of clothes and buys it, pays B for it, B is the agent of the proprietor of the store, and the act of one is the act of the other. The proprietor or owner of the store may never see the money, never hear it clink in the cash-drawer, if in the due course of business it passes into his trade-cash and he is benefited thereby, he has participated as much as if he had himself put the money in the cash-drawer or in his pocket, himself. One or a dozen clerks may have participated in it. If it is done under his instructions, each one of them has participated in the act. If it were unlawful, each one of them would be guilty of violating the law. One or more persons being involved or engaged in an unlawful enterprise, such as making an unlawful sale of liquor, if two or more of them unite their efforts and participate in such sale, one would be as guilty as the other."

The trial judge was unfortunate in his selection of a hypothetical case, as a study will show that by substituting the word "whiskey" for the words "suit of clothes", Beckman for "A" and Parris for "B" and Higgins for "proprietor"

in the hypothetical case charged and you practically have the case at bar. It has long been recognized that even a slight remark apparently innocent in its language may, when uttered by the Court, have a decided weight in shaping the opinion of the jury. Vested as a trial Judge is with superior authority, disinterested and possessing experience not available to the ordinary layman, juries, as a rule, are anxious to catch his view upon which to found their conclusions. See *State v. Pruitt,* 187 S. C. 58 and 196 S. E. 371 and the cases cited therein.

For the foregoing reasons, I am of the opinion that the charge was in violation of Article 5, Section 26 of the Constitution of 1895 which provides that judges shall not charge juries in respect to matters of fact, but shall declare the law and that the case should be remanded to the Court of General Sessions for Cherokee County for a new trial.