19962

The STATE, Respondent, v. Kent Stuart ARMSTRONG, Appellant
(211 S. E. (2d) 889)

*Messrs. Griffin & Howard* and *Rodney A. Culbertson,*
of Greenville, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen.,* and *Sidney S. Riggs, III, Staff Atty.,* of Columbia, and *C. Victor Pyle, Sr., Sol.,* and *W. W. Wilkins, Asst. Sol.,* of Greenville, *for Respondent,*

February 12, 1975.

Ness, Justice:

This is an appeal from a conviction of assault of a high and aggravated nature. The salient facts involved here are as follows:

Appellant was tried upon an indictment of assault and battery with intent to kill. During the course of the trial, the jury was excused from the courtroom in anticipation of appellant's tender of a plea of guilty to simple assault and battery. In accordance with the principles enunciated in *Boykin v. Alabama*, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274 (1969), the trial judge in order to determine whether the plea was voluntarily made with an understanding of the nature of the charge and the consequences of the plea, asked certain questions and the following occurred:

"The Court: You realize that by this plea, if it is accepted, that there would be a criminal record lodged against you for Simple Assault and Battery?

"The Defendant: Criminal record on record here?

"The Court: Yes.

"The Defendant: On a job, I'd have to put down Simple Assault?

"The Court: Sir, I can't advise you of that except if an employment record requires you to list a criminal record, this would be a criminal record. Although of a minor nature, nevertheless, it would be a criminal record———. I don't want you to plead guilty to anything unless you are guilty, but do you wish to plead guilty to Simple Assault and Battery?

"The Defendant: I think we'd just better go on with the hearing.

"The Court: All right, bring the jury in." (Tr. pp. 4-5.)

The jury was then returned to the courtroom, and without objection or comment by appellant or his counsel, the trial proceeded and after a full trial appellant was convicted of assault of a high and aggravated nature.

Appellant's first assignment of error is directed toward the lower court's refusal to accept said plea.

Of course it is the prerogative of any person to waive his rights, confess, and plead guilty, under judicially defined safeguards, which are adequately enforced.

Procedures to follow in accepting guilty pleas were lacking until the Supreme Court of the United States, acting under its rule-making power, promulgated Rule 11 of the Federal Rules of Criminal Procedure. The essence of *Boykin* was to make the requirements of Rule 11 applicable to the states.

Accuracy is paramount; force, threats, or lack of knowledge and understanding by the accused deprive a guilty plea of validity. There are a series of cases dealing with post-conviction attacks on the voluntariness of guilty pleas. These cases, *Brady v. United States,* 397 U. S. 742, 90 S. Ct. 1463, 25 L. Ed. (2d) 747 (1970); *McMann v. Richardson,* 397 U. S. 759, 90 S. Ct. 1441, 25 L. Ed. (2d) 763 (1970); *Parker v. North Carolina,* 397 U. S. 790, 90 S. Ct. 1458, 25 L. Ed. (2d) 785 (1970), hold that a defendant assumes the risk of error in either his or his attorney's assessment of the law or the facts when he enters a plea of guilty. The reverse would be true when he withdraws it.

The aforestated cases clearly reveal that the United States Supreme Court has recognized the finality of a plea of guilty when proper safeguards have been afforded the defendant.

We find in *United States v. Tabory,* 462 F. (2d) 352, 354 (4th Cir. 1972),

598

"Before sentence, a trial court may allow withdrawal of a plea of guilty for any fair and just reason. *Kercheval v. United States,* 274 U. S. 220, 224, 47 S. Ct. 582, 71 L. Ed. 1009 (1927). We have said that leave to withdraw before sentencing normally should be allowed. *United States v. McGirr,* 434 F. (2d) 844, 847 (4th Cir. 1970); *United States v. Roland,* 318 F. (2d) 406, 409 (4th Cir. 1963)." Also see *United States v. Harvey,* 463 F. (2d) 1022, 1023 (4th Cir. 1972).

We are compelled to hold that the trial judge is free to use any appropriate procedure for determining the accuracy of the guilty plea. The judge must be certain that the defendant understands the charge and the consequences of the plea and that the record indicates a factual basis for the plea. The court must give the defendant adequate warning of the consequences of the plea in every case. The court's warning should include an explanation of the defendant's waiver of constitutional rights and a realistic picture of all sentencing possibilities. *Thompson v. State,* 248 S. C. 475, 151 S. E. (2d) 221 (1966). Furthermore, abandonment of these rights cannot be due to ignorance or incomprehension for a plea of guilty is more than an admission of conduct, it is a conviction.

This was the very problem in the instant case. Although appellant had conferred with counsel, he apparently did not understand that a plea to a lesser crime would be a conviction of record. Inferentially, the appellant appeared to be concerned only about what effect this would have on job applications.

The judge is charged with the responsibility of apprising the accused with the direct consequences, that is the direct and immediate results, of a guilty plea. *Cuthrell v. Director, Patuxent Institution,* 475 F. (2d) 1364 (4th Cir. 1973), cert. denied 414 U. S. 1005, 94 S. Ct. 362, 38 L. Ed. (2d) 241; *Wade v. Coiner,* 468 F. (2d) 1059 (4th Cir. 1972). It was in his endeavor to satisfy this requirement that the judge determined that the accused was

unaware of the consequences. The accused, realizing the seriousness of the guilty plea, decided to continue with the trial. If, as counsel argues, appellant was confused, counsel was at his side available for conference. No request was made to recess for consultation and at no later time during the trial did appellant request to plead guilty to a lesser charge or any charge. It was only after the jury returned its verdict that appellant by motion tendered this argument, which is patently frivolous and without merit. For an analogous case, see *United States v. Bettelyoun,* 503 F. (2d) 1333, 1336 (8th Cir. 1974) where the court held,

"We find it unnecessary to attempt to discern the trial court's motive in rejecting the defendant's plea. Upon the rejection of the guilty plea neither the defendant nor his counsel objected to the court's refusal to enter the plea. We think this is a *sine qua non* to later assertion of error. Here neither the defendant nor his counsel made any attempt to urge the court to accept his plea after it was once refused. *Cf. United States v. Gaskins,* 158 U. S. App. D. C. 267, 485 F. (2d) 1046 (1973)."

Next, the appellant asserts error in excluding certain photographs, which were introduced at a trial in a lower court, from which it could be inferred that an aerosol can struck appellant's car. The learned trial judge exerted every effort to appease counsel by offering to recall the witness, excuse the jury, and also to have the State stipulate that the photographs would reveal damage to the windshield. Counsel refused these offers stating, "I know that you are trying to help me and trying to help this case proceed properly but, as an advocate for this defendant, I feel that a photograph being, as they say, worth a thousand words, a stipulation as to what a photograph showed would just lose the real element." (Tr., Folio 42). However, as the court observed, counsel was not denied the opportunity to introduce the photographs as appellant's counsel had informed the trial court that the photographs were apparently

lost. (Tr., Folio 41.) Any contention that this is reversible error is rather absurd.

Appellant's next two exceptions relate to the charge of the trial judge. The simple answer to both of these exceptions is a reading of Section 17-513.1 of the South Carolina Code, which is self explanatory. At the conclusion of the charge, an opportunity was afforded to counsel to make any objections thereto. No objection was made that the instructions given were inadequate nor were any additional requests made to the court. The failure to timely request a specific charge or charges constituted a waiver of any right to complain on appeal of asserted errors in the charge. In any event we have examined the charge and find no error. The judge's charge of assault was a direct quote from the parent case defining assault. *State v. Jones,* 133 S. C. 167, 179, 130 S. E. 747 (1925). Also see *State v. Bethune,* 112 S. C. 100, 99 S. E. 753 (1919) and *State v. Norris,* 253 S. C. 31, 168 S. E. (2d) 564. Appellant also asserts error in the judge's charge on self defense, arguing that such charge would be proper in a case of homicide but erroneous in the case of assault. He cites no authority for his position and we are unable to find any. Furthermore, appellant's position is contrary to *State v. Burnett,* 210 S. C. 348, 42 S. E. (2d) 710 (1947) and *Silas v. Bowen,* D.C., 277 F. Supp. 314, 318 (1967), in which case Judge Russell cites *Burnett* for a similar proposition.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.