638 S.E.2d 72

**The STATE, Respondent,**

v.

**Dana Rae RIKARD, Appellant.**

No. 4156.

Court of Appeals of South Carolina.

Submitted Sept. 1, 2006.

Decided Oct. 2, 2006.

Rehearing Denied Dec. 18, 2006.

Stephen Drew Geoly, of Greenwood, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.

BEATTY, J.:

Dana Rae Rikard appeals her plea of guilty to felony driving under the influence causing death and felony driving under the influence causing great bodily injury. She asserts the

circuit court judge erred in refusing to allow her to withdraw her guilty plea. We affirm.[1]

## FACTS

After spending the afternoon and evening at the I-20 Speedway in Pelion on April 6, 2002, Rikard drove home with her four-year-old daughter at approximately 11:15 p.m. While driving down US-178, Rikard collided with an on-coming vehicle driven by Stephanie Braithwaite. Rikard's daughter, who was not restrained by a seatbelt or a car seat, died at the scene after she was ejected from the vehicle. Braithwaite's four-year-old son was rendered unconscious as a result of the impact. Braithwaite, with the assistance of a passerby, was able to extricate her son from the vehicle before it caught fire. Braithwaite's son was immediately airlifted to Palmetto Richland Hospital where he spent several days to be treated for a subdural hematoma and a broken femur.

While investigating the accident, the officers called to the scene searched Rikard's vehicle. During this search, the officers observed the speedometer was "locked" around eighty miles per hour and found several empty bottles of Zima. According to the officers, Rikard admitted drinking eight Zimas prior to the accident. Three hours after the accident, Rikard's blood was tested at the hospital. Toxicology reports revealed Rikard's blood alcohol content was .11. As part of the SLED investigation, the toxicologist opined that Rikard's blood alcohol content would have been approximately .173 at the time of the accident.

On November 1, 2004, a Lexington County grand jury indicted Rikard for the following offenses: child endangerment, open container violation, violation of the child restraint law, a seatbelt violation, felony driving under the influence (DUI) causing great bodily injury, and felony DUI causing death.

On April 4, 2005, Rikard pleaded guilty to the felony DUI charges.[2] During the plea colloquy, the circuit court judge

---

**1.** Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

**2.** The solicitor dismissed the collateral traffic violations as a result of the plea.

inquired about Rikard's education level, marital status, and employment history. As to the specific charges, the judge informed Rikard that her plea would be a "straight-up" plea without any recommendations or negotiated sentence from the State. He further informed her of the maximum possible sentence for each offense and the constitutional rights she was waiving by pleading guilty. Upon hearing the judge's instructions, Rikard admitted she was guilty of the charged offenses and indicated that she wanted to plead guilty.

After determining that Rikard's guilty plea was freely and voluntarily given, the judge permitted the solicitor to give a recitation of the facts. At the conclusion of this presentation, the solicitor stated, "we would ask for the maximum sentence allowed under the law in this case." The judge accepted Rikard's guilty plea after hearing the factual basis for the plea.

In mitigation, Rikard's counsel stated that Rikard was remorseful and that she had two children who needed her at home. Counsel claimed Rikard's husband, from whom she was separated, was not notified in time to attend the plea proceeding. Counsel further challenged points in the accident investigation, specifically the alleged speed of Rikard's vehicle before the collision. Additionally, counsel stated that Rikard did not believe she was under the influence at the time of the accident even though she admitted to drinking some alcohol that night. He requested the court "be as merciful as possible in this case."

After hearing from Rikard and her mother, the judge sentenced Rikard to twenty-two years imprisonment and a $10,000 fine for felony DUI causing death and fifteen years imprisonment and a $5,000 fine for felony DUI causing great bodily injury. The sentences were to be served concurrently.

Subsequently, Rikard filed a motion to withdraw her plea, or in the alternative, a motion to reconsider the sentence. In this motion, Rikard's counsel alleged prejudicial misconduct on the part of the State. Counsel submitted affidavits and letters from Rikard's family in support of this assertion.

In terms of the alleged misconduct, Rikard claimed the State acted improperly before and during the plea hearing. Specifically, Rikard's counsel contended the State failed to

disclose during discovery: (1) that there was evidence Rikard's blood alcohol content was .173; (2) photographs of the scene depicting the deceased child; and (3) Rikard's alleged admissions regarding her consumption of alcohol prior to the accident. Additionally, counsel claimed the State failed to notify Rikard's husband and her two other children of the hearing pursuant to the Victim's Bill of Rights.[3] Rikard believed her family members could have offered evidence in mitigation.

With respect to the State's actions during the hearing, Rikard's counsel asserted the solicitor's representation of the facts, particularly the description of the deceased child's final moments after the accident and the cause of the accident, was exaggerated and rose to the level of misrepresentation. Counsel contended Rikard did not agree with this recitation of the facts. Rikard's counsel further argued the State failed to honor its representation that it would not make a recommendation regarding sentencing when the solicitor requested the maximum sentence during the hearing.

After a hearing, the circuit court judge denied Rikard's motion to withdraw her plea as well as the motion to reconsider the sentence. This appeal followed.

## DISCUSSION

Rikard argues the circuit court judge erred in accepting her plea or refusing to allow her to withdraw her plea on the grounds: (1) she did not admit to the facts presented by the State; and (2) the State indicated on the sentencing sheet that it would make no recommendation regarding her sentence but then, during the plea hearing, requested the court impose the maximum sentence. We disagree.

A trial judge should not accept a guilty plea without an affirmative showing that it was intelligent and voluntary. *Boykin v. Alabama,* 395 U.S. 238, 241, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Additionally, to knowingly and voluntarily enter a plea of guilty, all that is required is that a defendant has a full understanding of the consequences of her plea and the charges against her. *Simpson v. State,* 317 S.C. 506, 508,

---

3. S.C. Const. art. I, § 24.

455 S.E.2d 175, 176 (1995). Moreover, the record in a guilty plea proceeding must establish a factual basis for the plea. *LoPiano v. State,* 270 S.C. 563, 569, 243 S.E.2d 448, 451 (1978); *State v. Armstrong,* 263 S.C. 594, 598, 211 S.E.2d 889, 891 (1975). In accepting a guilty plea, "the trial judge is free to use any appropriate procedure for determining the accuracy of the guilty plea. The judge must be certain that the defendant understands the charge and the consequences of the plea and that the record indicates a factual basis for the plea." *Armstrong,* 263 S.C. at 598, 211 S.E.2d at 891. "All that is required before a plea can be accepted is that the defendant understand the nature and crucial elements of the charges, the consequences of the plea, and the constitutional rights he is waiving, and that the record reflect a factual basis for the plea." *Rollison v. State,* 346 S.C. 506, 511, 552 S.E.2d 290, 292 (2001).

 "The withdrawal of a guilty plea is generally within the sound discretion of the trial judge." *State v. Riddle,* 278 S.C. 148, 150, 292 S.E.2d 795, 796 (1982). An abuse of discretion occurs when a trial judge's decision is unsupported by the evidence or controlled by an error of law. *State v. Lopez,* 352 S.C. 373, 378, 574 S.E.2d 210, 212 (Ct.App.2002). A determination the plea was voluntarily entered "will normally show the trial judge did not abuse his discretion." *Riddle,* 278 S.C. at 150, 292 S.E.2d at 796; *see State v. Cantrell,* 250 S.C. 376, 378, 158 S.E.2d 189, 191 (1967)("A motion to withdraw a plea of guilty, and to be allowed to enter a plea of not guilty, addresses itself to the discretion of the trial judge before whom the plea is entered, and, in the absence of a clear abuse of discretion, this court will not interfere.").

 Although we will separately address each of Rikard's contentions, we find the circuit court judge did not abuse his discretion in denying Rikard's motion to withdraw her plea.

In terms of the factual basis for the plea, the judge properly allowed the solicitor to give a recitation of the facts on the record. Even though Rikard did not specifically acknowledge the accuracy of the State's factual presentation, she did not raise any objection at the hearing and, through her counsel, had the opportunity to challenge certain aspects of the State's factual presentation. Moreover, during the plea colloquy Ri-

kard admitted she was guilty of the charged offenses for which she had been apprised of the elements. Because the solicitor provided a sufficient factual basis in the record to support each of the DUI charges, we find Rikard's argument to be without merit.

Next, we turn to Rikard's allegation that the State failed to abide by its representation on the sentencing sheet not to recommend a sentence. Rikard contends she was induced to plead guilty and would not have but for the State's representation that it would not recommend any particular sentence. Initially, we note Rikard concedes in her brief that the sentencing sheet did not constitute a formal plea agreement. Thus, we do not believe the same stringent requirements of plea agreements would apply to the instant case. However, even if we construe the sentencing sheet as rising to the level of a contractual obligation, we find the judge did not err in declining to allow Rikard to withdraw her plea. *See Sprouse v. State*, 355 S.C. 335, 338, 585 S.E.2d 278, 279 (2003) ("[S]tate prosecutors are obligated to fulfill the promises they make to defendants when those promises serve as inducements to defendants to plead guilty." (citing *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971))); *State v. Thomason*, 355 S.C. 278, 286, 584 S.E.2d 143, 147 (Ct.App. 2003) ("Our supreme court has recognized a plea agreement rests on contractual principles.").

Rikard's reliance on the sentencing sheet is unavailing. The sentencing sheet offers three alternatives to designate the nature or status of the plea. Those alternatives provide that the plea is: (1) without negotiations or recommendation; (2) a negotiated sentence; or (3) a recommendation by the State. In this instance, the option of "without negotiations or recommendation" was selected by the solicitor, Rikard, and Rikard's counsel. It is axiomatic that the phrase "without negotiations or recommendation" means that the State and the defendant have not agreed on sentencing. Therefore, either party is free to request a favorable sentence.

During the plea colloquy Rikard acknowledged to the judge that she understood the charges, the maximum possible sentences, and that her plea was a "straight-up" plea without any negotiations or recommendations. Taking all of these considerations into account, the judge ultimately determined Rikard

was freely and voluntarily pleading guilty. Finally, the judge exercised discretion when he declined to impose the maximum sentence on each charge and ordered the sentences to be served concurrently. *See* S.C.Code Ann. § 56–5–2945(A)(1), (2) (Supp.2005) (establishing maximum term of imprisonment for felony DUI when death results as twenty-five years imprisonment and fifteen years for felony DUI causing great bodily injury); *Brooks v. State,* 325 S.C. 269, 271, 481 S.E.2d 712, 713 (1997) ("A trial judge is allowed broad discretion in sentencing within statutory limits."). Thus, we find no error in the judge's decision accepting Rikard's plea and refusing her request to withdraw her plea.[4] *See State v. Barton,* 325 S.C. 522, 531, 481 S.E.2d 439, 444 (Ct.App.1997) (finding no error in trial judge's refusal to allow appellant to withdraw guilty plea where appellant failed to object at any point before the judge accepted his guilty plea and judge: considered evidence presented by appellant, allowed appellant to testify about the nature of the guilty plea, and thoroughly questioned appellant during guilty plea).

Accordingly, Rikard's guilty plea and sentence are

**AFFIRMED.**

GOOLSBY and WILLIAMS, JJ., concur.

---

4. In support of her argument, Rikard relies on our supreme court's decision in *Jordan v. State,* 297 S.C. .52, 374 S.E.2d 683 (1988). We find this case to be distinguishable from the instant case. In *Jordan,* appellant petitioned for post-conviction relief on the ground his counsel was ineffective for failing to withdraw appellant's guilty plea after the State reneged on a plea bargain. According to appellant, he only agreed to plead guilty when the assistant solicitor indicated the State would neither recommend nor oppose a probationary sentence for the charge of assault and battery with a deadly weapon. At the guilty plea hearing, another assistant solicitor appeared for the State and opposed a probationary sentence. Appellant's counsel did not request to withdraw the plea or point out to the judge that the State had changed the plea agreement. The trial judge declined to reconsider his sentence because he was not influenced by the assistant solicitor's opposition to probation. Our supreme court vacated appellant's sentence and remanded for either specific performance of the plea agreement and resentencing or for a new trial. The court found appellant's counsel erred in failing to protect appellant's right to enforce the plea agreement. Here, unlike in Jordan, the State did not promise anything in exchange for Rikard's plea. Rikard also acknowledged during the plea hearing that it was a "straight-up" plea without any negotiations.