THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Thomas Chad
 Heaton, Respondent,
 
 
 

v.

 
 
 
 State of South
 Carolina, Petitioner.
 
 
 

Appeal From Anderson County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2011-UP-456
 Heard October 4, 2011  Filed October 13,
2011   

AFFIRMED

 
 
 
 Attorney General Alan Wilson, Chief Deputy
 John W. McIntosh, and Assistant Deputy Attorney General Salley W. Elliott, of
 Columbia, for Petitioner.
 Ricky Keith Harris, of Spartanburg, for
 Respondent.
 
 
 

PER CURIAM:  The
 State appeals the trial court's order granting post-conviction relief (PCR) to Thomas Heaton.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
1.   As to the
 standard of review: Cherry v. State, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989)
 (declaring that on appeal, this court should uphold the PCR court's ruling if
 it is supported by any evidence of probative value in the record); Solomon
 v. State, 313 S.C. 526, 529, 443 S.E.2d 540, 542 (1994) (providing if
 matters of credibility are involved, this court gives deference to the PCR
 judge's findings because this court lacks the opportunity to directly observe
 the witnesses); Porter v. State, 368 S.C. 378, 383, 629 S.E.2d 353, 356
 (2006) (stating this court gives great deference to the PCR court's findings of
 fact and conclusions of law). 
2. As to the guilty plea: Boykin v. Alabama, 395 U.S. 238, 242-44 (1969) (noting that generally, a guilty plea
 must be entered voluntarily, knowingly, and intelligently); State v. Lambert,
 266 S.C. 574, 580, 225 S.E.2d 340, 342 (1976) (holding the record should
 reflect that the trial court has assured itself that the plea was voluntary and
 intelligently entered with full knowledge of the nature of the offense); State
 v. Ray, 310 S.C. 431, 437, 427 S.E.2d 171, 174 (1993) ("A defendant's
 knowing and voluntary waiver of a statutory or constitutional right must be
 established by a complete record; and may be accomplished by colloquy between
 the court and the defendant, between the court and defendant's counsel, or
 both."); Pittman v. State, 337 S.C. 597, 599, 524 S.E.2d 623,
 624-25 (1999) ("When determining issues relating to guilty pleas, the
 court will consider the entire record, including the transcript of the guilty
 plea, and the evidence presented at the PCR hearing."); Anderson v.
 State, 342 S.C. 54, 57, 535 S.E.2d 649, 651 (2000) (stating the defendant
 must be aware of (1) the nature and crucial elements of the offense; (2) the
 maximum and any mandatory minimum penalty; and (3) the constitutional rights
 being waived); Roddy v. State, 339 S.C. 29, 33, 528 S.E.2d 418, 421 (2000) ("To
 find a guilty plea is voluntarily and knowingly entered into, the record must
 establish the defendant had a full understanding of the consequences of his
 plea and the charges against him."); State v. Rikard, 371 S.C.
 295, 301, 638 S.E.2d 72, 75 (Ct. App. 2006) (quoting State v. Armstrong,
 263 S.C. 594, 598, 211 S.E.2d 889, 891 (1975) and instructing that in accepting
 a guilty plea the trial court may "use any appropriate procedure for
 determining the accuracy of the guilty plea;" however, the trial court
 must ensure the defendant "understands the charge and the consequences of
 the plea and that the record indicates a factual basis for the plea").
3. As to the other issues: Futch
 v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d
 591, 598 (1999) (ruling an appellate court need not review remaining issues
 when its determination of a prior issue is dispositive of the appeal).
AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.