THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Andre Norris, Appellant.
 
 
 

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No.  2012-UP-014  
 Submitted November 1, 2011  Filed January
25, 2012

AFFIRMED

 
 
 
 Appellate Defender Elizabeth Franklin-Best,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of
 Columbia; and Solicitor J. Strom Thurmond, Jr., of Aiken, for Respondent.
 
 
 

PER CURIAM:  Andre
 Norris appeals his conviction for kidnapping, arguing the circuit court erred
 in (1) denying his motion to withdraw his guilty plea and (2) violating his due
 process right to be present at a critical stage of the proceeding against him. 
 We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1. As to whether the
 circuit court erred in denying his motion to withdraw his guilty plea:  State
 v. Riddle, 278 S.C. 148, 150, 292 S.E.2d 795, 796 (1982) ("The
 withdrawal of a guilty plea is generally within the sound discretion of the
 [circuit court]."); State v. Rikard, 371 S.C. 295, 301, 638 S.E.2d
 72, 75 (Ct. App. 2006) ("A determination the plea was voluntarily entered
 will normally show the [circuit court] did not abuse [its] discretion." 
 (internal quotation marks and citations omitted)); id. at 300-301, 638
 S.E.2d at 75 ("[T]o knowingly and voluntarily enter a plea of guilty, all
 that is required is that a defendant has a full understanding of the
 consequences of [his] plea and the charges against [him]. . . . Moreover, the
 record in a guilty plea proceeding must establish a factual basis for the
 plea."  (internal citation omitted)).
2. As to whether
 the circuit court violated Norris's due process right to be present at a
 critical stage of the proceeding against him:  State v. Huggins, 336 S.C. 200, 203 n.2, 519 S.E.2d 574, 575 n.2 (1999) (holding
 because appellant failed to raise the argument that his sentencing phase was
 unconstitutional to the circuit court, the issue was not preserved for
 review).   
AFFIRMED.
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.