**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Theodore Glover, Appellant.

Appellate Case No. 2018-000085

-----

Appeal From Marlboro County
Roger E. Henderson, Circuit Court Judge

-----

Unpublished Opinion No. 2020-UP-126
Submitted March 1, 2020 – Filed May 6, 2020

-----

**AFFIRMED**

-----

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor William Benjamin Rogers, Jr., of Bennettsville, all for Respondent.

-----

**PER CURIAM:** Theodore Glover appeals his conviction for first-degree criminal sexual conduct and sentence of ten years' imprisonment suspended to five years' imprisonment and five years' probation. On appeal, he argues the plea court erred

by refusing to allow him to withdraw his plea.  We find Glover voluntarily and intelligently entered his plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), and thus, the plea court did not abuse its discretion by denying Glover's motion to withdraw his guilty plea.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Lopez*, 352 S.C. 373, 378, 574 S.E.2d 210, 212 (Ct. App. 2002) ("Once a defendant enters a plea of guilty, the decision whether to allow withdrawal of the plea is left to the [plea] court's sound discretion."); *id.* ("An abuse of discretion occurs when a [plea] court's decision is unsupported by the evidence or controlled by an error of law."); *State v. Rikard*, 371 S.C. 295, 300, 638 S.E.2d 72, 75 (Ct. App. 2006) ("A [plea court] should not accept a guilty plea without an affirmative showing that it was intelligent and voluntary."); *id.* at 301, 638 S.E.2d at 75 ("All that is required before a plea can be accepted is that the defendant understand the nature and crucial elements of the charges, the consequences of the plea, and the constitutional rights he is waiving, and that the record reflect a factual basis for the plea." (quoting *Rollison v. State*, 346 S.C. 506, 511, 552 S.E.2d 290, 292 (2001))).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.