Pittsfield Municipal Court,
No. 5005.

STATE *v.* CHESTER F. MYAL.

Argued May 2, 1962.

Decided June 29, 1962.

*William Maynard,* Attorney General, *William J. O'Neil,* Assistant Attorney General, and *Paul A. Rinden,* county attorney (*Mr. O'Neil* orally), for the State of New Hampshire.

*Stanley & Stanley* (*Mr. John W. Stanley, Jr.* orally), for the defendant.

BLANDIN, J.   The underlying question before us is whether a defendant charged with a misdemeanor has the right to take depositions before arraignment and plea.   Our answer is no.

The right to take depositions in a criminal case which did not exist at common law (*State ex rel Regan* v. *Superior Court,* 102 N. H. 224, 227) is governed by RSA 517:13, which provides:   "The respondent in a criminal case may take the deposition of any person in his defense, upon giving the same notice of the caption thereof to

the solicitor of the county that is required to be given to the adverse party in a civil case . . . . "

The specific issue is one of first impression here and authorities from other jurisdictions depending upon different statutes or policies would not be helpful, though it may be noted that able counsel has called to our attention no case which seems squarely in point. Our own court has touched upon the matter in *State v. Naud*, 73 N. H. 531. There a defendant who had been arraigned and bound over awaiting grand jury action sought to take depositions under P. S., c. 225, s. 13, now RSA 517:13. The justice ruled in his favor, but upon appeal this ruling was reversed, the court speaking as follows: "When the notice to take depositions was served upon the solicitor, no criminal case was pending against the defendant in which depositions could be taken or used, and the justice of the peace acted without authority of law in ordering the caption to proceed. At that time the defendant had simply been bound over to await the action of the grand jury. No indictment had been found against him, and whether one ever would be was a question about which nothing could then be known. Section 13, chapter 225, of the Public Statutes, contemplates the pendency of a criminal action in which depositions are to be taken and used, the same as section 1 contemplates the pendency of a civil action when notice is given under it . . . Until the defendant was indicted no criminal case was pending against him . . . and as no indictment had been found when the notice was given, the proceeding was void."

In the case before us, the defendant had neither been arraigned nor pleaded nor waived his right to do so, but rather had refused to plead pending the taking of depositions. Until there is a plea, there is no issue to be tried and there can be no valid conviction nor sentence imposed upon the defendant. *Basta v. State*, 133 Md. 568; 22 C.J.S., Criminal Law, s. 407, p. 1110, s. 414; 14 Am. Jur., Criminal Law, ss. 258, 260, 262.

The defendant suggests that in the civil case of *Buswell* v. *Babbitt*, 65 N. H. 168, the court said that "pending" meant simply "remaining undecided," and he urges that we apply that rule here. The case involved an action begun by attachment without completion of personal service upon the defendant until after the death of the original plaintiff and was prosecuted by his administrator. The question was whether the case was pending in favor of deceased within the meaning of G. L., c. 198, s. 16, so that the administrator could continue the suit. Aside from numerous other factual dis-

tinctions, we have before us, as contrasted with the *Buswell* case, not a civil but a criminal proceeding in which, as previously stated, there now exists no issue to be decided. We therefore do not believe that *Buswell* and similar authorities cited by the defendant are decisive of the present controversy.

In determining the intent of RSA 517:13 it is important to note that the policy of our law is to expedite and simplify, rather than delay and further encumber the already somewhat slow and technical process of criminal procedure. As evidence of this, RSA 594:23 provides that: "If not otherwise released, every person arrested shall be brought before a magistrate within twenty-four hours from the time of his arrest, Sundays and holidays excepted, unless a justice of the municipal court of the town or city where he is detained or of the town or city where the crime was committed for good cause shown orders that he be held for a further period of not exceeding forty-eight hours." See also, New Hampshire Constitution, Pt. I, *Art.* 14th, which shows a like design to bring trials to a head with all possible dispatch consistent with justice to both the accused and the public.

To encourage further delay in what should be the expeditious and the orderly progress of criminal trials by ordering arraignment and pleading to be postponed awaiting the taking of depositions would accord neither with the tenor of our law nor with the practical demands of justice. In short, in the present situation, absent arraignment and plea, we hold that no case was pending within the meaning of RSA 517:13 as interpreted in *State* v. *Naud, supra.*

It is true that the court has discretionary authority to grant a continuance (RSA 596:1) or to authorize the taking of depositions after arraignment and plea. *Wessells* v. *Company,* 89 N. H. 230. However, here the court's action was predicated upon the erroneous assumption that the defendant was entitled to take depositions prior to arraignment and plea and to a continuance pending such proceedings.

The order is

*Remanded.*

DUNCAN, J., dissented; the others concurred.