20765

Mallory D. BEAVER, Appellant, v. The STATE of South Carolina, Respondent.

(247 S. E. (2d) 448)

*Harry C. Wilson, Jr.,* of *Nash, Chappell & Wilson,* Sumter, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Emmet H. Clair* and *Katherine W. Hill,* Columbia, and *Sol. R. Kirk McLeod,* Sumter, *for respondent.*

September 13, 1978.

RHODES, Justice:

The appellant pled guilty to assault with intent to ravish and was sentenced to 15 years imprisonment. He subsequently filed an application for post-conviction relief in which he sought to withdraw his plea on the ground that it was involuntarily entered. The lower court denied this application. We reverse.

At the hearing below, the appellant produced evidence in support of his contention that his guilty plea was induced by a statement of the trial judge.[1] The appellant's trial counsel [2] testified that, after an overnight recess in the trial of the case, the presiding judge informed him in chambers that the appellant was going to be convicted and, if he (the appellant) chose to proceed with the trial, he (the trial judge) would impose a forty year sentence—the maximum for assault with intent to ravish.[3] According to the testimony of trial counsel, the judge then told him he had "better go back and talk to [his] client and get him to plead guilty." This information

[1] In his application, the appellant also asserted two other grounds for relief. One ground was abandoned and the other need not be considered in view of our disposition of this case.

[2] The appellant is represented by different counsel in the present proceeding.

[3] See S. C. Code § 16-3-640 (1976).

was relayed to the appellant who within the hour entered a guilty plea [4] and received a sentence of 15 years.

The State did not attempt to controvert the appellant's evidence but took the position that the trial judge's statement did not amount to coercion and did not render the guilty plea involuntary. The post-conviction hearing judge agreed with the State and, by order dated July 22, 1977, denied the appellant's application for relief. On December 29, 1977, this Court rendered its opinion in *State v. Cross,* S. C., 240 S. E. (2d) 514. That case is squarely on point with the present one and dictates reversal of the lower court.

In *Cross,* this Court held that a guilty plea was involuntarily entered when it was induced by a statement from the trial judge that, if the defendant went forward with the trial and was convicted, he would receive a prison term, whereas if he pled guilty, he would be fined but not imprisoned. In allowing the defendant to withdraw his plea, we stated:

While we acquiesce in the tendency of the courts to allow plea bargaining we are of the opinion that the judge should not initiate or influence the agreement, nor be a party to the negotiations. *A plea induced by the influence of the judge cannot be said to have been voluntarily entered.* The solicitor is the adversary of the defendant and his counsel. The negotiations should be between the adversaries. *The judge is not the adversary of either.* An agreement reached between the solicitor and his adversary can never be more than a recommendation. *The judge must remain in a position of complete neutrality* such that he may, in the last analysis, exercise freedom of sentencing judgment based on all of the facts. 240 S. E. (2d) at 516-7 (emphasis added).

We are mindful that if issues of fact have been decided adversely to an applicant for post-conviction relief, the Supreme Court is limited in its review to determining whether

---

[4] The usual questions were asked and answered indicating the plea was voluntary.

384

there was evidence to sustain such finding of fact. *McCall v. State*, 258 S. C. 463, 189 S. E. (2d) 6 (1972). However, we are controlled in the present case by *Cross* which holds as a matter of law that a defendant, who is placed in the identical position as appellant, is under such coercion as to render his guilty plea involuntary. The following excerpt from *Cross* clearly states this holding:

We sustain the exception, reverse and remand. We agree with the defendant that he was placed in a position of being unduly coerced as a matter of law, inasmuch as he had no choice but to enter guilty pleas in order to avoid an assured prison sentence in the event of conviction.
240 S. E. (2d) at 516.

The facts of *Cross* differ in no material respect from the undisputed facts in the present case. The appellant in the present case was placed in the same position as the appellant in *Cross* in that it was clearly implied that the trial judge would be more severe in his sentence if he should continue his trial. It is also to be noted that in *Cross*, as in the present case, the defendant was asked and affirmatively answered questions indicating a free and voluntary plea. In view of the fact that we have held in *Cross* that the placing of a defendant in such a position as here indicated constitutes undue coercion which renders his guilty plea involuntary as a matter of law, the action of the lower court must be reversed.

The State argues that *Cross* should not be given retroactive application. We specifically stated in *Cross* that our decision was based on "what is constitutionally required", 240 S. E. (2d) at 516. While we recognize that newly adopted constitutional rulings need not necessarily be given retroactive application, *see, e.g., Halliday v. U. S.*, 394 U. S. 831, 89 S. Ct. 1498, 23 L. Ed. (2d) 16 (1969), *Cross* did not involve a new constitutional rule. In *Cross*, we simply applied the prevailing constitutional "voluntariness" standard to a given fact situation and held that under such a set of facts, a guilty plea was not volun-

tary. In view of the fact that *Cross* merely involved the application of preexisting constitutional principles as embodied in numerous state and federal decisions, we feel it would be inappropriate to only apply it prospectively.

We remand for the purpose of allowing the appellant to withdraw his guilty plea.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.