### 21058

Walter David WASHINGTON, Respondent, v. J. L. HARVEY, Warden of Kirkland Correctional Institution, State of South Carolina, Appellants.

(259 S. E. (2d) 114)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Emmet H. Clair* and *Staff Atty., B. J. Willoughby,* Columbia, *for Appellants.*

*John C. Hayes, III* of *Hayes, Brunson & Gatlin,* Rock Hill, *for Respondent.*

September 19, 1979.

*Per Curiam:*

Respondent was convicted of larceny and armed robbery and sentenced to fifteen (15) years imprisonment. On direct appeal respondent's conviction was affirmed by this Court in a Memorandum Opinion dated September 1, 1977. This appeal is taken by the State from a lower court order granting respondent a new trial based on his application for Post-Conviction Relief alleging ineffective assistance of counsel.

The lower court cited two specific grounds as a basis for finding ineffective assistance of counsel and granting respondent a new trial. First, that respondent's trial counsel was ineffective in that he failed to move to quash the indictment on the grounds that it had been *nol prosequi.* This issue was raised and argued in respondent's direct appeal and resolved adversely to him at that time. We see no reason to alter our previous ruling at this time.

The second ground cited by the lower court was that respondent's trial counsel was ineffective in that he failed to move to quash or dismiss the indictment on the grounds that respondent was denied his right to a speedy trial. On appeal from a lower court order rendered in Post-

Conviction proceedings, this Court is limited in its review to determining whether there is evidence to sustain the lower court's findings of fact. *Beaver v. State,* 271 S. C. 381, 247 S. E. (2d) 448 (1978); *McCall v. State,* 258 S. C. 463, 189 S. E. (2d) 6 (1972). We have reviewed the entire record of the proceedings before the lower court in this matter and find no creditable evidence to support the lower court's findings on this issue.

For the foregoing reasons, the lower court's Order granting respondent a new trial is reversed.