21738

The STATE, Respondent, v. Daniel C. RIDDLE, Appellant.

(292 S. E. (2d) 795)

*Appellate Defender John L. Sweeny of S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Lindy P. Funkhouser* and *Sr. Asst. Atty. Gen. Brian P. Gibbes,* Columbia, *for respondent.*

June 17, 1982.

Lewis, Chief Justice:

Appellant pled guilty to arson with intent to defraud an insurance company, housebreaking (three counts) and larceny (four counts). He was sentenced to five (5) years on each count, the sentences to run concurrently. In addition, appellant's probation was revoked, the sentence thereon to run consecutively to the other sentences. We affirm.

The concurrent sentences given to appellant were the result of a plea bargain. The record shows appellant believed the plea bargain included the assurance from the judge that the sentence to be reinstated following the probation revocation would also run concurrently.

When he learned of the terms of the probation revocation, appellant moved to withdraw his plea, asserting it had been entered under a misunderstanding concerning the plea bargain. The judge denied the motion.[1]

The withdrawal of a guilty plea is generally within the sound discretion of the trial judge. *State v. Neal*, 267 S. C. 53, 226 S. E. (2d) 236 (1975). In this case the trial judge determined the plea was knowingly and voluntarily entered. The trial judge informed appellant of the maximum sentence he could receive. Appellant stated he had not been promised anything in return for his plea. He also stated he knew the judge did not have to accept the State's sentence recommendation or the State's recommendation concerning his probation revocation. Such a determination of voluntariness will normally show the trial judge did not abuse his discretion. *State v. Neal, supra.*

Further, when the State fulfills its agreement to recommend a specific sentence, the fact that the judge does not accept the recommendation does not affect the validity of the plea. *Lambert v. State*, 260 S. C. 617, 198 S. E. (2d) 118 (1973); *Bailey v. MacDougall*, 247 S. C. 1, 145 S. E. (2d) 425 (1965). In this case, the State recommended a five-year sentence for all the violations plus a concurrent sentence on the probation revocation. The judge chose not to accept the probation recommendation, however. Since the judge was under no duty to accept the recommendation, he was not in error in refusing appellant permission to withdraw his valid plea. *State v. Neal, supra.*

Appellant's conviction and probation revocation are therefore affirmed.

LITTLEJOHN and GREGORY, JJ., concur.

NESS and HARWELL, JJ., dissent.

NESS and HARWELL, Justices, (dissenting):

We respectfully dissent and would reverse and allow the defendant to withdraw his guilty plea.

The withdrawal of a guilty plea is generally within the sound discretion of the trial judge. *State v. Neal*, 267 S. C. 53,

---

[1] *Medlin v. State*, S. C., 280 S. E. (2d) 648 (1981), does not apply to this case because *Medlin* was decided after appellant's plea was entered.

226 S. E. (2d) 236 (1975). We believe appellant's plea was not entered knowingly because he misunderstood the scope of the agreement on sentencing. *Cf. State v. Hazel,* 275 S. C. 392, 271 S. E. (2d) 602 (1980) (plea not knowingly made because defendant misunderstood requirement of statutory mandatory sentence). *See also Boykin v. Alabama,* 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274 (1969); *State v. Peeler,* S. C. 283 S. E. (2d) 826 (1981). When the judge discovered the misunderstanding, he should have allowed appellant to withdraw the plea. His failure to do so was an abuse of discretion. *Hazel. See also State v. Smith,* S. C. 280 S. E. (2d) 200 (1981).