23044

The STATE, Respondent v. Richard Jesse GATES, Appellant.
(382 S. E. (2d) 886)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey, of S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Norman Mark Rapoport,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Heard Feb. 9, 1989.

Decided July 10, 1989.

TOAL, Justice:

Richard Gates was arrested and charged with trafficking in marijuana, more than 10 but less than 100 pounds, and cocaine, more than 100 but less than 200 grams. Gates entered a written plea bargain agreement with the Fifth Circuit Solicitor's Office under which Gates agreed to cooperate with the Richland County Sheriff's Department in its drug enforcement efforts by supplying information in exchange for which Gates would be permitted to plead guilty to trafficking in lesser amounts. This agreement stated in pertinent part:

"IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. At a time agreed upon by the parties hereto, the Defendant Richard Gates agrees to waive indictment and plead guilty to trafficking cocaine, 10-28 grams.

2. The Defendant Richard Gates will plead guilty to trafficking marijuana 10-100 pounds.

If the Defendant Richard Gates is fully cooperative and truthful:

(a) Should the information he disclosed and the efforts to assist the Richland County Sheriff's Department not result in successful drug related prosecutions and/or seizures the parties agree that the Fifth Circuit Solicitor's office and the Richland County Sheriff's Department will make known his cooperation to the Court, at the time of sentencing.

(b) Should the information or efforts result in substantial seizures of 100 plus grams of cocaine or 100 pounds of marijuana by the Richland County Sheriff's Department, the Fifth Circuit Solicitor's Office and the Richland County Sheriff's Department will make known the Defendant, Richard Gates', cooperation to the Court, at the time of sentencing, and will recommend a probationary sentence."

Gates proceeded to supply information and cooperated completely with the Richland County officials. Some five months later, the Solicitor's Office, apparently believing it had entered a bad agreement, informed Gates that the information he had supplied had not resulted in the seizure of the significant amounts of drugs contemplated in the agreement, and as a result, Gates had breached the plea bargain agreement. This breach, the Solicitor informed Gates, would lead to his prosecution on the original charges.

Immediately prior to trial, Gates attempted to specifically enforce the plea bargain agreement and plead guilty to the lesser offenses. The Solicitor's position remained that Gates had breached the agreement. The Solicitor did not attempt to unilaterally withdraw from the agreement. The trial court "accepted" the plea agreement, stated the agreement was binding on both of the parties and proceeded to interpret its terms. Consistent with the position advanced by the Solicitor, the trial court determined the plea agreement called for the information Gates supplied to result in seizures of drugs, and, since such seizures had not resulted, Gates had breached the agreement. Consequently, the trial court would not permit Gates to plead guilty to the lesser offenses.

Gates was tried and convicted on the original trafficking charges. In the present direct appeal from this conviction, Gates again seeks to specifically enforce the plea bargain agreement.

The posture of the case before this Court is rather unique. First, this Court is not faced with the type of constitutional claims presented in *Santobello v. New York*, 404 U. S. 257, 92 S. Ct. 495, 30 L. Ed. (2d) 427 (1971), (where guilty plea is induced by prosecutorial promises, those promises must be fulfilled), since Gates was merely attempting to plead guilty under the agreement but had not yet actually plead guilty. Second, this Court is not faced with the question of whether a solicitor may withdraw from a plea bargain agreement prior to detrimental reliance thereon by the accused. The Solicitor did not attempt to unilaterally withdraw from the plea agreement; both the Solicitor and Gates stated their desire to be bound by the plea agreement. *See generally, Mabry v. Johnson*, 467 U. S. 504, 104 S. Ct. 2543, 81 L. Ed.

(2d) 437 (1984). Third, although a trial court judge has broad discretion to accept or reject a plea bargain agreement, the trial judge below accepted this agreement and proceeded to construe its meaning. *See, Medlin v. State*, 276 S. C. 540, 280 S. E. (2d) 648 (1981). The question this Court must decide is merely whether the trial court properly interpreted the language of the plea bargain agreement.

Where language used in an instrument is perfectly plain and capable of legal construction, such language determines the force and effect of the instrument. *Blakeley v. Rabon*, 266 S. C. 68, 221 S. E. (2d) 767 (1976). Language which is perfectly clear determines the full force and effect of the document. *Gilstrap v. Culpepper*, 283 S. C. 83, 320 S. E. (2d) 445 (1984).

The clear language of the plea agreement leads this Court to the conclusion the lower court erred in its interpretation. The agreement required only Gates' full cooperation and truthfulness to enable Gates to plead guilty to the lesser charges. It is uncontroverted that Gates fully cooperated with and gave truthful information to the Richland County officials. Thus, the trial court erred in finding Gates breached the agreement.

Reversed and remanded for proceedings consistent with this opinion.

HARWELL and FINNEY, JJ., and ALEXANDER M. SANDERS, JR. and C. BRUCE LITTLEJOHN, Acting Associate Justices, concur.