23846

Sammy BAUGHMAN, a.k.a., Sammy Boughman, respondent v. STATE of South Carolina, Appellant.

(430 S.E. (2d) 505)

Supreme Court

\* \* \* \* \* \*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. James Patrick Hudson, Asst. Attys. Gen. Delbert H. Singleton, Jr.* and *Lisa G. Jefferson,* Columbia, *for appellant.*

*Sheila L. Thomas,* Summerville and *Francis M. Kirk,* Goose Creek, *for respondent.*

Heard March 23, 1993.

Decided May 3, 1993.

*Per Curiam:*

The State appeals an Order granting Respondent, Sammy Baughman (Baughman), habeas corpus.

We reverse.

## FACTS

On June 10, 1989, Baughman was arrested by Moncks Corner Police Officers. He was charged with distribution of marijuana, possession of PCP and possession of drug paraphernalia. Pursuant to a plea agreement dated October 12, 1989, he pled guilty in Municipal Court to simple possession of marijuana and possession of drug paraphernalia. The plea agreement reads:

> Upon consideration of the plea of guilty by Sammy Baughman to possession of marijuana and to possession of drug paraphernalia in the Municipal Court of Moncks Corner, *all other charges pending against Mr. Baughman will be dropped, not limited to those listed in the following Uniform Warrant Numbers:* Warrant Number C178302, Distribution of a Schedule I Drug, Marijuana which was remanded as Simple Possession of marijuana on 8-16-89; which Warrant Number C178303, Possession of a Schedule II Drug, (P.C.P.) which was dismissed or *Nolle Prosequi* by the Soliciter's Office. (Emphasis supplied.)

Unbeknownst to Baughman at the time of his plea, he was the subject of an investigation by the Governor's Raid Team, during June and July 1989, for distribution of cocaine. As a result of that investigation, he was indicted, in September, 1990, for three counts of distribution of cocaine which had occurred

between July 20-27, 1989. Baughman pled guilty to one count of distribution of cocaine, in exchange for which the other two counts were *nolle prossed.* He was sentenced to fifteen years imprisonment and a $25,000 fine.

In September, 1991, Baughman instituted habeas corpus proceedings, alleging that the cocaine offenses to which he pled guilty in 1990, were "charges pending" at the time of his 1989 plea to possession of marijuana, such that they were covered by the 1989 plea agreement. Circuit Court agreed and granted the requested relief.

## ISSUE

The sole issue we address is whether the cocaine charges to which Baughman pled guilty in 1990 were contemplated by the 1989 plea agreement.

## DISCUSSION

As noted previously, the 1989 plea agreement allowed Baughman to plead guilty to simple possession of marijuana in exchange for which "all other charges *pending* . . . will be dropped, not limited to those listed in the following Uniform Warrant Numbers. . . ." (Emphasis supplied.) State asserts that Baughman was properly indicted in 1990, in that no cocaine charges were "pending" at the time of the 1989 plea. We agree.

"Where language in an instrument is perfectly plain and capable of legal construction, such language determines the force and effect of the instrument." *State v. Gates,* 299 S.C. 92, 95, 382 S.E. (2d) 886, 888 (1989). In interpreting plea agreements, it is error for a court "to imply as a matter of law a term which the parties themselves did not agree upon." *United States v. Benchimol,* 471 U.S. 453, 456, 105 S.Ct., 2103, 2105, 85 L.Ed. (2d) 462, 467 (1985).

By definition, a "charge" is an "accusation of a crime by a formal complaint, information or indictment." *Black's Law Dictionary* 211 (5th Ed. 1979). This Court has not previously addressed at what point in time a criminal charge is "pending." However, jurisdictions which have decided the issue hold that a charge is not pending until an information is filed, an indictment returned, or a warrant issued. *People v. Waterman,* 140 Mich. App. 652, 364 N.W. (2d) 780 (1985);

*State v. Ratliff,* 322 S.W. (2d) 864 (mo. 1959); *State v. Myal,* 104 N.H. 188, 182 A. (2d) 605 (1962).

Here, the arrest warrant for the cocaine offenses was issued on January 24, 1990; Baughman was arrested on June 14, 1990, and an indictment was handed down on August 21, 1990. In sum, the charges to which Baughman pled guilty in 1990 were not pending at the time of his 1989 plea.

The order granting Baughman habeas corpus relief is reversed.

Reversed.