THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Paul Ray Davis, Appellant.
 
 
 
 
 

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2008-UP-664
 Submitted December 1, 2008  Filed
December 8, 2008    

AFFIRMED

 
 
 
 Christopher D. Brough, of Spartanburg, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Michelle Parsons, all of Columbia; and
 Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.  
 
 
 

PER CURIAM: Paul
 Ray Davis pled guilty to two counts of unlawful neglect of a child; one count
 of possession with intent to distribute methamphetamine, third offense; one
 count of distribution of methamphetamine, third offense; one count of
 possession of methamphetamine, third offense; one count of trafficking in
 methamphetamine greater than 28 grams, third offense; and one count of unlawful
 possession of a weapon.  Davis was sentenced to a total of eighteen years
 imprisonment.  He now appeals his sentence, arguing the circuit court erred in
 sentencing him to eighteen years imprisonment because he provided information
 to law enforcement as agreed in his plea deal.  
We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  State v.
 Baccus, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) (holding in criminal
 cases, the appellate court sits to review errors of law only); State v.
 Gates, 299 S.C. 92, 95, 382 S.E.2d 886, 887 (1989) (holding when the
 language of a plea agreement is perfectly plain and capable of legal
 construction, such language determines the force and effect of the agreement); State v. Armstrong, 263 S.C. 594, 597, 211 S.E.2d 889, 890 (1975) ([I]t
 is the prerogative of any person to waive his rights, confess, and plead
 guilty, under judicially defined safeguards, which are adequately enforced.); State
 v. Compton, 366 S.C. 671, 677, 678, 623 S.E.2d 661, 664, 665 (Ct. App.
 2005) (requiring courts to refrain from read[ing] terms or conditions into the
 contract that the parties did not intend and to enforce an unambiguous
 contract according to its terms, regardless of the contracts wisdom or folly,
 or the parties failure to guard their rights carefully); Reed v. Becka,
 333 S.C. 676, 685, 688, 511 S.E.2d 396, 401, 402 (Ct. App. 1999) (holding a
 plea agreement is subject to contract principles and generally, whether written
 or oral, a plea agreement becomes binding when a court accepts the defendants
 guilty plea).  

AFFIRMED.
HEARN, C.J., SHORT and
 KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.