672 S.E.2d 105

The STATE, Respondent,

v.

Adam BICKHAM, Appellant.

No. 26581.

Supreme Court of South Carolina.

Heard Oct. 7, 2008.

Decided Jan. 12, 2009.

144

Chief Appellate Defender Joseph L. Savitz, III, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General William M. Blitch, Jr., all of Columbia and Solicitor Donald V. Myers, of Lexington, for Respondent.

Justice PLEICONES:

This is an appeal from the acceptance of an *Alford* plea to the charge of criminal sexual conduct with a minor (CSCM) in the first degree. Appellant entered guilty pleas to two counts of CSCM in the second degree and entered an *Alford* plea to one count of CSCM in the first degree. The plea judge

accepted the pleas and sentenced Appellant. Appellant contends that the plea judge erred in refusing to allow Appellant to withdraw his *Alford* plea to CSCM in the first degree. We disagree and affirm.

## FACTS

Appellant was indicted on two counts of CSCM in the second degree and one count of CSCM in the first degree. The assistant solicitor (Solicitor) offered Appellant the option to plead guilty to the two counts of CSCM in the second degree and to plead under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to CSCM in the first degree. Solicitor stated that if Appellant did not accept the plea deal, then he would proceed to call the cases to trial separately in order to subject Appellant to sentence enhancements and punishment of life without the possibility of parole under S.C.Code Ann. § 17–25–45.[1]

Appellant pled guilty to the charges of CSCM in the second degree and entered an *Alford* plea to CSCM in the first degree. The judge explained to Appellant that by pleading to the crimes, he faced a possible sentence of between zero and 70 years in prison and that he must serve at least 85 percent of the sentence.

The plea judge then found that Appellant's decisions to plead guilty to the charges of CSCM in the second degree were knowingly, voluntarily, and intelligently made, and accepted both pleas. The judge then began to address Appellant's *Alford* plea, at which point Appellant's counsel (Counsel) interjected and, after lengthy discussion, moved to withdraw the *Alford* plea. Counsel explained her position to the court:

---

1. Section 17–25–45 provides that upon a conviction for a "most serious offense" a person must be sentenced to life imprisonment without the possibility of parole if the person has a prior conviction for a "most serious offense." Section 17–25–45(C) provides that both CSCM in the first and second degree are "most serious" offenses. Both Solicitor and Appellant's counsel believed that Appellant could have received a sentence for life without parole under § 17–25–45 if convicted separately on the three charges of CSCM. We express no opinion as to the application of the statute to Appellant's situation as that matter is not before us.

Counsel: Judge, [the motion for withdrawal] is based on the fact that if I had ever been presented with an option to separate [the charges] in any way, I would have always believed we should have gone to trial on [the charge of CSCM in the first degree] and have entered guilty pleas to the two C.S.C. seconds. I have not only not been given that option; I have been told repeatedly I do not have that option. He either pleads two guilties and one *Alford* or the solicitor is going to proceed in a different manner on the two firsts. I understand we're in front of the court now and we may be in a different posture, but that's why we're standing in front of you like this because I was told that was not an option and that if I wanted ...

The Court: The options that you were given were what to present to me. Nobody controls my options as to what plea I accept or don't accept.

Counsel: No, judge, but the option I was given is that he could plead on the first one and then under the new law [the State] was going to serve him with life without parole notice and he had a slam-dunk case on that other one. The girl is pregnant, no question about it, and he would— he would get life without parole. That was essentially what was presented to me, and there was no variation from that other than us enter these pleas as we are in the process of trying to do today.

. . .

The Court: And so you advised your client that those were the potential consequences if he didn't plead to all of them as a package.

Counsel: Yes, sir.

The Court: And so when he made the decision to plead guilty [sic] to the charge against—involving [the charge of CSCM in the first degree] and up until the point where ... the solicitor was no longer able to call ... the July to September charge [of CSCM in the second degree] as the second charge, up until that point it was his intention and his desire to plead guilty [sic] to the charge involving [CSCM in the first degree]. Correct?

Counsel: Yes, sir, based—yes, sir.

The plea judge offered to refuse to accept all three pleas, but Counsel declined. Ultimately, the judge refused to allow Counsel to withdraw only the *Alford* plea and instead accepted the plea.

## ISSUE

Did the plea judge err in denying Appellant's motion to withdraw his *Alford* plea?

## STANDARD OF REVIEW

■ The withdrawal of a guilty plea is generally within the sound discretion of the trial judge. *State v. Riddle,* 278 S.C. 148, 150, 292 S.E.2d 795, 796 (1982). An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law. *State v. Lopez,* 352 S.C. 373, 378, 574 S.E.2d 210, 212 (Ct.App.2002).

## ANALYSIS

■ Appellant bears the burden on appeal of showing an abuse of discretion. Appellant has made no such showing and so, we affirm.

Solicitor offered Appellant the chance to enter an *Alford* plea to the charge of CSCM in the first degree as part of a package deal. Upon Counsel's interjection, the plea judge advised that he would not allow withdrawal of only the *Alford* plea, but rather would allow same in conjunction with withdrawal of all three pleas, so as to retain the integrity of the package. Counsel declined, and admitted that if Solicitor had the power to call all three cases, then Appellant intended to follow through with his *Alford* plea. The plea judge did not abuse his discretion in retaining the package deal by refusing to allow withdrawal of only the *Alford* plea.[2]

---

2. Appellant also seems to argue that he did not understand the consequences of the plea since Counsel and Solicitor stated that he faced life without parole (LWOP) if he did not accept the State's "all-or-nothing" deal. Appellant contends that he was, in fact, not eligible for LWOP under then-existing law and therefore, the judge abused his discretion in refusing to allow Appellant to withdraw the plea. This argument is not properly preserved since it was not presented at Appellant's plea hearing. *See State v. McKinney,* 278 S.C. 107, 108, 292 S.E.2d 598, 599

### CONCLUSION

The plea judge did not abuse his discretion in refusing to allow withdrawal of the *Alford* plea alone. Therefore, we affirm.

**AFFIRMED.**

WALLER, J., concurs.

KITTREDGE, J., concurring in a separate opinion in which TOAL, C.J. and BEATTY, J., concur.

Justice KITTREDGE, concurring:

I concur in result. Prior to formal acceptance of the *Alford* plea, the plea judge formally accepted Appellant's guilty plea to two counts of criminal sexual conduct with a minor in the second degree. Appellant sought to withdraw the *Alford* plea prior to formal acceptance of that plea. I write separately because, in my judgment, in a typical guilty plea a defendant has a right to withdraw a guilty plea prior to formal acceptance by the plea judge. *Harden v. State,* 453 So.2d 550, 550–51 (Fla.Dist.Ct.App.1984) ("Until formal acceptance has occurred, the plea binds no one: not the defendant, the prosecutor, or the court.... [F]ormal acceptance of a plea occurs when the trial court affirmatively states to the parties, in open court and for the record, that the court accepts the plea.") (internal citations omitted); *State v. Creamer,* 161 S.W.3d 420, 425 (Mo.Ct.App.2005) ("Up until acceptance of the guilty plea by the trial court, a defendant has unfettered latitude to withdraw his plea."); *see also* FED.R.CRIM.P. 11(d)(1) ("A defendant may withdraw a plea of guilty or nolo contendere ... before the court accepts the plea, for any reason or no reason...."). Withdrawal of a guilty plea prior to formal acceptance is, therefore, generally a matter of right and not a matter within the plea judge's discretion. This case, however, does not present the typical situation. In light of the package deal associated with all charges and the plea judge's offer for

---

(1982) (failure to assert before trial court that plea was not knowing and intelligent precludes consideration of the issue on appeal).

Appellant to withdraw all pleas, I agree with the result reached by the majority.

TOAL, C.J., and BEATTY, J., concur.