THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Willie
 Chambers, Appellant.
 
 
 

Appeal from Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No.  2011-UP-523  
 Submitted November 1, 2011  Filed
December 1, 2011

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Christina J. Catoe, all of Columbia;
 and Solicitor Barry J. Barnette, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Willie
 Chambers requests a new trial and appeals his voluntary manslaughter guilty
 plea, arguing the circuit court erred in not allowing Chambers to withdraw his
 guilty plea because: (1) the State breached its plea agreement with Chambers by
 indicting him for murder; (2) the second plea agreement was illusory; and (3)
 there was no factual basis for Chambers's guilty plea.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to
 whether the circuit court erred in
 refusing to allow Chambers to withdraw his guilty plea when the State breached
 an initial plea agreement and entered into an illusory second plea agreement:  State
 v. Riddle, 278 S.C. 148, 150, 292 S.E.2d 795, 796 (1982) ("The
 withdrawal of a guilty plea is generally within the sound discretion of the
 [circuit court]."); State v Rikard, 371 S.C. 295, 301, 638 S.E.2d
 72, 75 (Ct. App. 2006) ("A determination the plea was voluntarily entered
 'will normally show the [circuit court] did not abuse [its] discretion.'"
 (quoting Riddle, 278 S.C. at 150, 292 S.E.2d at 796)).
2. As to whether the circuit
 court erred in refusing to allow Chambers to withdraw his guilty plea where
 there was no factual basis for his plea:  State v. Dunbar, 356 S.C.
 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be
 preserved for appellate review, it must have been raised to and ruled upon by
 the [circuit court].  Issues not raised and ruled upon in the [circuit] court
 will not be considered on appeal.").
AFFIRMED.
HUFF, PIEPER, and LOCKEMY,
 JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.