**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

| | |
|---|---|
| The State, | Respondent, |
| v. | |
| Joshua Cooper, | Appellant. |

———————

Appeal From Clarendon County
George C. James, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2012-UP-421
Submitted June 1, 2012 – Filed July 11, 2012

———————

**AFFIRMED**

———————

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christina J. Catoe, all of Columbia; and Solicitor Ernest A. Finney, III, of Sumter, for Respondent.

**PER CURIAM:** Joshua Cooper appeals the denial of his motion to vacate his guilty pleas and order a competency evaluation, arguing the trial court should have ordered a competency evaluation after learning Cooper had a history of competency, mental health, and mental retardation issues. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Bickham, 381 S.C. 143, 147, 672 S.E.2d 105, 107 (2009) ("The withdrawal of a guilty plea is generally within the sound discretion of the trial [court]."); id. ("An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law."); State v. Burgess, 356 S.C. 572, 575, 590 S.E.2d 42, 44 (Ct. App. 2003) ("The question of whether to order a competency examination falls within the discretion of the trial [court] whose decision will not be overturned on appeal absent a clear showing of an abuse of that discretion."); S.C. Code Ann. § 44-23-410 (Supp. 2011) (requiring a trial court to order a competency evaluation if it has reason to believe a defendant cannot understand the proceedings against him or assist in his own defense due to a lack of mental capacity); Burgess, 356 S.C. at 575, 590 S.E.2d at 44 (holding in determining whether further inquiry into a defendant's fitness to stand trial is warranted, the trial court should consider factors such as "evidence of his or her irrational behavior, his or her demeanor at trial, and any prior medical opinion on his or her competence to stand trial"); State v. Lambert, 266 S.C. 574, 579, 225 S.E.2d 340, 342 (1976) (providing a defendant entering a guilty plea is held to the same competency standard as a defendant who proceeds to trial).

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.