731 S.E.2d 889

Michael Joseph FLEMING, Petitioner,

v.

STATE of South Carolina, Respondent.

No. 27167.

Supreme Court of South Carolina.

Submitted Aug. 22, 2012.

Decided Aug. 29, 2012.

Chief Appellate Defender Robert M. Dudek, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Petitioner.

Attorney General Alan Wilson, Chief Deputy Attorney General John McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Karen Christine Ratigan, all of Columbia, for Respondent.

PER CURIAM.

Petitioner seeks a writ of certiorari to review the denial of his application for post-conviction relief (PCR). We grant the petition, dispense with further briefing, and affirm the order of the PCR judge as modified.

Petitioner pled guilty to second degree burglary. He was sentenced to imprisonment for fifteen years, suspended on service of one year and three years of probation. No direct appeal was taken. At a subsequent probation revocation hearing, the revocation judge revoked eight years of petitioner's probationary sentence. No appeal was taken from the probation revocation.

On PCR, petitioner alleged he was denied his right to appeal the probation revocation. The PCR judge found there were no appealable issues to raise on appeal from the probation revocation hearing and dismissed petitioner's allegation that he was denied his right to a direct appeal.

Probation revocation counsel is not required to inform a probationer of the right to an appeal absent extraordinary circumstances. *Turner v. State,* 384 S.C. 451, 682 S.E.2d 792 (2009). However, when a criminal defendant requests an appeal, but counsel fails to file an appeal, counsel is deemed deficient. In such a case, the defendant is entitled to a belated appeal without showing the appeal would likely have had merit. *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). Accordingly, the PCR judge erred in finding petitioner was required to show there were appealable issues in order to support his allegation that he was denied his right to an appeal from the probation revocation.

We note that there were no objections made at the probation revocation hearing. Accordingly, no issues are preserved for appellate review. *State v. Bickham,* 381 S.C. 143, 672 S.E.2d 105 (2009) (arguments not raised below are not preserved for appellate review). We hold that the error by the PCR judge was harmless as an appeal from the probation revocation would be to no avail because the circuit court had subject matter jurisdiction to revoke petitioner's probation and no issue was preserved for appellate review.

**AFFIRMED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.