**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Tristan Cheek a/k/a Tristain Cheek, Appellant.

Appellate Case No. 2011-191471

Appeal From Charleston County
Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2013-UP-178
Heard April 2, 2013 – Filed May 1, 2013

**AFFIRMED**

Appellate Defender Dayne C. Phillips, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, for Respondent.

**PER CURIAM:** Tristan Cheek appeals his conviction for peeping and the portion of his sentence requiring him to register as a sex offender. Cheek argues that the trial court erred in denying his motion for mistrial, and that the registration

requirement violates his substantive due process rights. We affirm pursuant to Rule 220(b)(1), SCACR.

The mistrial issue and Cheek's argument on that issue are preserved. *See State v. State v. Oxner*, 391 S.C. 132, 134, 705 S.E.2d 51, 52 (2011) ("[A]ll this Court has ever required is that the questions presented for its decision must first have been fairly and properly raised to the lower court and passed upon by that court." (citation and quotation marks omitted; alteration in original)); *State v. Brannon*, 388 S.C. 498, 502, 697 S.E.2d 593, 595-96 (2010) ("Error preservation rules do not require a party to use the exact name of a legal doctrine in order to preserve an issue for appellate review. Instead, a litigant is only required to fairly raise the issue to the trial court, thereby giving it an opportunity to rule on the issue." (citations omitted)). However, we find the trial court acted within its discretion. *See State v. Council*, 335 S.C. 1, 12, 515 S.E.2d 508, 514 (1999) ("The decision to . . . deny a motion for a mistrial is a matter within a trial court's sound discretion, and such a decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *see also* 335 S.C. at 13, 515 S.E.2d at 514 ("[T]o receive a mistrial, the defendant must show error and resulting prejudice.").

As to Cheek's appeal of having to register as a sex offender, the issue is preserved, but the argument Cheek makes on appeal is not preserved. At sentencing, Cheek made only a conclusory argument on due process. He did not present the specific substantive due process argument he makes on appeal to the trial court. *See Dunes W. Golf Club, LLC v. Town of Mt. Pleasant*, 401 S.C. 280, 302 & n.11, 737 S.E.2d 601, 612 & n.11 (2013) (finding appellant's substantive due process violation argument was "not procedurally appropriate" because appellant raised it for the first time on appeal); *State v. Bickham*, 381 S.C. 143, 147 n.2, 672 S.E.2d 105, 107 n.2 (2009) (finding appellant's argument not preserved because he did not present it below). In addition, Cheek did not identify a specific liberty or property interest at sentencing or in his appellate brief. *See Hawkins v. Freeman*, 195 F.3d 732, 749 (4th Cir. 1999) (en banc) ("[T]he substantive component of the due process clause only protects from arbitrary government action that infringes a specific liberty interest."); *Dunes W. Golf Club, LLC*, 401 S.C. at 296, 737 S.E.2d at 609 ("In order to prove a denial of substantive due process, a party must show that he was arbitrarily and capriciously deprived of a cognizable property interest rooted in state law."). He has never identified a property interest, and the first time he identified a liberty interest was at oral argument before this court. *See State v. Spears*, 393 S.C. 466, 486, 713 S.E.2d 324, 334 (Ct. App. 2011) (declining to address argument that appellant raised for the first time at oral argument).

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**