**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Dameon Lamar Thompson, Appellant.

Appellate Case No. 2015-001029

———————

Appeal From Charleston County
Appeal From Dorchester County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-245
Submitted May 1, 2017 – Filed June 14, 2017

———————

**AFFIRMED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Karen Christine Ratigan, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———————

**PER CURIAM:**  Dameon L. Thompson appeals the circuit court's denial of his motion for reconsideration to his sentences on various convictions, arguing the sentences did not reflect the terms of a plea agreement between himself and the

State.  We affirm[1] pursuant to Rule 220(b), SCACR, and following authorities: *State v. Smith*, 276 S.C. 494, 498, 280 S.E.2d 200, 202 (1981) ("[T]he authority to change a sentence rests solely and exclusively in the hands of the sentencing judge within the exercise of his discretion."); *Brooks v. State*, 325 S.C. 269, 272, 481 S.E.2d 712, 713 (1997) ("A court is not required to accept a plea agreement reached by the State and the defendant."); *Rollison v. State*, 346 S.C. 506, 511, 552 S.E.2d 290, 292 (2001) ("All that is required before a plea can be accepted is that the defendant understand the nature and crucial elements of the charges, the consequences of the plea, and the constitutional rights he is waiving, and that the record reflect a factual basis for the plea."); *State v. Riddle*, 278 S.C. 148, 150, 292 S.E.2d 795, 796 (1982) ("The withdrawal of a guilty plea is generally within the sound discretion of the trial judge."); *id.* ("[W]hen the State fulfills its agreement to recommend a specific sentence, the fact that the judge does not accept the recommendation does not affect the validity of the plea."); *State v. Hicks*, 377 S.C. 322, 325, 659 S.E.2d 499, 500 (Ct. App. 2008) ("A judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence, and must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed.").

**AFFIRMED.**

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.