**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dorian Rosean Hopkins, Appellant.

Appellate Case No. 2018-002092

———————

Appeal From Lexington County
Jocelyn Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-143
Submitted April 1, 2021 – Filed May 5, 2021

———————

**AFFIRMED**

———————

James Ross Snell, Jr. and Vicki D. Koutsogiannis, both
of Law Office Of James R. Snell, Jr., LLC, both of
Lexington; and Christopher Brian Lusk, of Crawford &
von Keller, LLC, of Columbia, all for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Jonathan Scott Matthews, both of
Columbia; and Solicitor Samuel R. Hubbard, III, of
Lexington, all for Respondent.

———————

**PER CURIAM:**  Dorian Rosean Hopkins appeals his conviction for indecent exposure and sentence of three years' imprisonment, suspended upon completion of eighteen months' probation, and requirement he register as a sex offender.  On appeal, Hopkins argues the plea court abused its discretion in ignoring factors laid out in his expert's report and maintaining that he be required to remain on the sex offender registry.  We hold the plea court properly considered all relevant factors and made specific findings on the record supporting its decision to require Hopkins to register as a sex offender.  Specifically, the plea court considered the circumstances of the case, including Hopkins's drug use, his disinterest in mental health treatment, and his expert's report.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Garris*, 394 S.C. 336, 344, 714 S.E.2d 888, 893 (Ct. App. 2011) ("In criminal cases, the appellate court sits to review errors of law only and is bound by the [plea] court's factual findings unless they are clearly erroneous.  Thus, on review, the appellate court is limited to determining whether the [plea court] abused [its] discretion."); *State v. Bickham*, 381 S.C. 143, 147, 672 S.E.2d 105, 107 (2009) ("An abuse of discretion occurs when a [plea] court's decision is unsupported by the evidence or controlled by an error of law."); *id.* ("Appellant bears the burden on appeal of showing an abuse of discretion."); *State v. Hicks*, 377 S.C. 322, 325, 659 S.E.2d 499, 500 (Ct. App. 2008) ("The authority to change a sentence rests exclusively with the sentencing [court] and is within [its] discretion."); *id.* ("A judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence, and must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed."); S.C. Code Ann. § 23-3-430(C)(14) (Supp. 2020) ("For purposes of this article, a person who has . . . pled guilty . . . to . . . any of the following offenses shall be referred to as an offender: . . . a person, regardless of age, who has . . . pled guilty . . . in this State . . . of indecent exposure . . . is required to register pursuant to the provisions of this article if the court makes a specific finding on the record that based on the circumstances of the case the convicted person should register as a sex offender . . . .").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.